```
               UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF TENNESSEE
                    NASHVILLE DIVISION
```

ANDRE GILLESPIE                 ]
     Plaintiff,                 ]
                                ]
v.                              ]        No. 3:12-0692
                                ]        Judge Trauger
SHERIFF DARON HALL, et al.      ]
     Defendants.                ]


## M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Davidson County Criminal Justice Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Daron Hall, Sheriff of Davidson County; and Officer J. Craft, a guard at the Criminal Justice Center; seeking injunctive relief and damages.

According to the complaint, the plaintiff was in the recreation yard "leaning my head towards the door to ask Officer Thomas how much more time we had to go before we had to leave the yard, and out of nowhere Officer J. Craft kicks the door and it hit me in the head causing a knot (bump) to come up on my forehead." Officer Craft escorted the plaintiff off the recreation yard and placed him in a holding cell. Later, he took the plaintiff to the clinic for medical care.

The plaintiff claims that he was subjected to cruel and unusual punishment in violation of his rights when Officer Craft kicked the door and injured him.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 101 S.Ct. 1908 (1981).

The plaintiff does not claim that Officer Craft intended to injure him. Therefore, at best, the plaintiff is alleging that he was injured due to Officer Craft's negligence. Negligent conduct, however, is not actionable under § 1983 because it does not rise to the level of a constitutional deprivation. <u>Estelle v. Gamble</u>, 97S.Ct. 285 (1976). This is true with respect to negligence claims arising under both the Eighth and Fourteenth Amendments. <u>Whitley v. Albers</u>, 106 S.Ct. 1078, 1084 (1986)(Eighth Amendment); <u>Daniels v. Williams</u>, 106 S.Ct. 662, 666 (1986)(Fourteenth Amendment). Thus, the plaintiff has failed to allege conduct that violates the Constitution.

In the absence of a constitutional violation, the plaintiff is unable to prove every element of his cause of action. Therefore, the plaintiff has failed to state a claim upon which § 1983 relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

                                                Aleta A. Trauger
                                                United States District Judge